UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL MUNIZ,<br><br>Defendant. | No. 1:15-cr-00211-DAD-BAM<br><br><br>ORDER DENYING DEFENDANT'S<br>MOTION FOR REDUCTION OF SENTENCE<br>PURSUANT TO 18 U.S.C. § 3582(C)<br><br>(Doc. Nos. 57, 58) |

On February 6 and 8, 2017, defendant Michael Muniz filed a *pro se* motion and amended motion under 18 U.S.C. § 3582(c)(2), seeking a reduction in his previously imposed sentence based upon Amendment 782 to the United States Sentencing Guidelines ("U.S.S.G."). (Doc. Nos. 57, 58.) That amendment revised the Drug Quantity Table in U.S.S.G. § 2D1.1 and reduced by two levels the offense level applicable to many federal drug trafficking offenses. The government opposed defendant's motion for a sentence reduction on the basis that defendant has already benefited from Amendment 782 which was incorporated into the November 1, 2015 version of the U.S. Sentencing Guidelines that was used in computing his sentencing guideline range when he was sentenced on October 3, 2016. (Doc. No. 67 at 1.)[1] The government's

---

[1] On February 9, 2017, the court granted the Federal Defender's Office ninety days to supplement defendant's *pro se* motion or to notify the court that it did not intend to file a supplement. (Doc. No. 59.) On March 7, 2017, the Federal Defender's Office filed notice that no supplement to the motion would be filed by that office on defendant's behalf. (Doc. No. 60.)

1

argument is persuasive.  Accordingly, defendant's motion for a reduction of sentence under 18 U.S.C. § 3582(c) will be denied.

Section 3582(c)(2) authorizes district courts to modify a previously imposed sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013).  Effective November 1, 2014, the U.S. Sentencing Commission promulgated Amendment 782 to the U.S.S.G., which generally revised the Drug Quantity Table and chemical quantity tables across drug and chemical types.  The Commission also voted to make Amendment 782 retroactively applicable to previously sentenced defendants.  However, "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10 (a)(2)(B).  A district court's authority to modify a sentence pursuant to an amendment to the advisory guidelines is constrained by the Sentencing Commission.  *Dillon v. United States*, 560 U.S. 817, 826 (2010).

When defendant Muniz was sentenced on October 24, 2016, the November 1, 2015 version of the Sentencing Guidelines was used in computing his sentencing guidelines.  (Doc. Nos. 53 (PSR) at 5; 55.)  Accordingly, defendant Muniz was sentenced after the promulgation of Amendment 782 and therefore has already benefitted from the revised the Drug Quantity Table under the U.S. Sentencing Guidelines.  Because the pertinent amendment does not result in a different advisory sentencing guideline range, the defendant is not entitled to a reduction in his sentence pursuant to 18 U.S.C. § 3582(c).  *See United States v. Tapia*, No. 1:12-cr-000344-LJO, 2016 WL 1382848, at *3 (E.D. Cal. Apr. 7, 2016) (finding defendant ineligible for a sentence reduction, "because the defendant was sentenced on March 15, 2015 pursuant to the November 1, 2014 version of the Sentencing Guidelines which incorporated the changes made by Amendment 782.").

/////

/////

For the reasons set forth above, defendant's motion and amended motion for a reduction of sentence pursuant to 18 U.S.C. § 3582 (Doc. Nos. 57, 58) are denied.

IT IS SO ORDERED.

Dated:  **May 15, 2017**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE