UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL MUNIZ,<br><br>Defendant. | No. 1:15-cr-00211-DAD-BAM<br><br>ORDER DENYING DEFENDANT'S MOTION FOR A REDUCTION OF SENTENCE UNDER 18 U.S.C. § 3582, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(Doc. Nos. 61, 62) |

Defendant Muniz filed motions to reduce the sentence imposed upon him in this case under 18 U.S.C. § 3582 on February 6, 2017 and February 8, 2017. (Doc. Nos. 57, 58.) The court denied those motions on May 16, 2017. (Doc. No. 69.) During the intervening time, on April 26, 2017, defendant Muniz filed two additional documents, which contain the following requests: (1) that he be allowed to proceed *pro se*; (2) for a writ of habeas corpus under 28 U.S.C. § 2241 declaring his conviction to be void *ab initio* because the federal court lacked jurisdiction over him; (3) for a reduction in his sentence under 18 U.S.C. § 3582 for unspecified reasons; and (4) for the court to issue a certificate of appealability, in the event it declines to grant him the relief requested in his petition for a writ of habeas corpus. (Doc. Nos. 61, 62.)

/////

The court notes defendant is proceeding *pro se*, and no attorney has entered an appearance on his behalf in any post-conviction proceedings. Any request in the pending motions for resentencing under 18 U.S.C. § 3582 is denied as having been rendered moot by the court's May 16, 2017 order denying defendant's motion to reduce his sentence. Defendant has provided no persuasive reason for the court to revisit its prior ruling on the appropriateness of relief under 18 U.S.C. § 3582. (*See* Doc. No. 69.)

Insofar as the April 26, 2017 motions seek to have the court grant habeas corpus relief pursuant to 28 U.S.C. § 2241 it will be denied. That statutory provision is not the appropriate vehicle by which to seek the request relief. Here, it is clear defendant seeks to contest the validity of his incarceration pursuant to a criminal sentence imposed by this court because, he claims, this court lacked jurisdiction *ab initio*. (Doc. Nos. 61, 62.) To bring such a challenge, defendant must proceed by way of a motion to vacate, correct, or set aside his sentence under 28 U.S.C. § 2255. *See Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000) ("Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court."); *see also Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006). Moreover, a federal court may not re-characterize a request for habeas relief as a motion under 28 U.S.C. § 2255 without first warning the litigant it intends to do so, providing notice of the ban on second or successive petitions under that statute, and "provid[ing] the litigant with an opportunity to withdraw, or to amend, the filing." *Castro v. United States*, 540 U.S. 375, 377 (2003). Rather than construe the pending motions as seeking to proceed under 28 U.S.C. § 2255, the court will instead dismiss these motions without prejudice to defendant re-raising these claims by way of a motion under 28 U.S.C. § 2255, should he so desire. Since the court declines to re-characterize the motion, defendant's request for a certificate of appealability is also rendered moot. *See Harrsion v. Ollison*, 519 F.3d 952, 958 (9th Cir. 2008) (holding there is no

/////

/////

/////

requirement a federal prisoner obtain a certificate of appealability for a § 2241 petition, unless it is a "disguised" § 2255 petition).

    For the reasons set forth above, defendant Muniz's pending motions (Doc. Nos. 61 and 62) are dismissed.

IT IS SO ORDERED.

Dated: **October 10, 2017**

/s/ Dale A. Drozd
UNITED STATES DISTRICT JUDGE