UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL MUNIZ,<br><br>Defendant. | No. 1:15-cr-00211-DAD-BAM<br><br>ORDER DENYING MOTION FOR COPIES<br><br>(Doc. No. 74) |

Defendant in this closed criminal case has filed a request that the court provide him copies of the transcript of his sentencing. (Doc. No. 74.) This court previously denied defendant's motion for a sentencing reduction under 18 U.S.C. § 3582, denied his petition for writ of habeas corpus under 28 U.S.C. § 2241, and declined to issue a certificate of appealability. (Doc. No. 73.) Defendant indicates that he would like the court to provide transcripts for his "further investigation as to possible matters which I may address should an appeal be warranted." (Doc. No. 74.) However, defendant has not established that he has filed an appeal from or collateral challenge to his conviction which is not frivolous and that the requested copies are necessary for a decision to be rendered on any such appeal or collateral challenge. *See* 28 U.S.C. § 753(f); *see also United States v. Connors*, 904 F.2d 535, 536 (9th Cir. 1990) ("Although Connors is indigent, he has not filed a habeas petition, and therefore is not entitled to copies of his trial transcript at government expense until he does so."); *United States v. Lucatero*, No. 05–cr–0443–WBS, 2007

1

WL 1747077, at *2 (E.D. Cal. June 18, 2007) ("The vast majority of courts have interpreted [28 U.S.C. § 753(f)] to mean that until a prisoner actually 'brings a proceeding under section 2255,' he is not entitled under § 753(f) to have costs for creating or copying such transcripts *or other documents* paid by the United States.") (emphasis added); 28 U.S.C. § 2250. Indeed, the court previously advised defendant that it would not re-characterize his petition for writ of habeas corpus under 28 U.S.C. § 2241 as a motion filed under 28 U.S.C. § 2255, but that he was free to do so. (Doc. No. 73 at 2) (noting the motion was dismissed "without prejudice to defendant re-raising these claims by way of a motion under 28 U.S.C. § 2255"). Moreover, defendant is not generally entitled to free copies of court documents in a closed case. *See United States v. Chandler*, 220 F. Supp. 2d 165, 170 (E.D.N.Y. 2002); *see also Marsh v. Vegianelli,* No. 1:09-cv-01243-GSA-PC, 2012 WL 5505079, at *2 (E.D. Cal. Nov. 13, 2012) ("[T]he Clerk does not ordinarily provide free copies of case documents to parties. The Clerk charges $.50 per page for copies of documents. *See* 28 U.S.C. § 1914(a). Copies of up to twenty pages may be made by the Clerk's Office at this Court upon written request and prepayment of the copy fees.")

Accordingly, defendant's request for copies of court records (Doc. No. 74) is denied without prejudice.

IT IS SO ORDERED.

Dated: **October 24, 2017**

UNITED STATES DISTRICT JUDGE

2